THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SANDFORD K. WHITLOW, Defendant-Appellant.

(No. 73-416; )

Fifth District—March 28, 1975.

Robert E. Farrell and Allen L. Wiederer, both of State Appellate Defender's Office, of Mount Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Philip G. Feder, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant appeals from a judgment of the circuit court of St. Clair County sentencing him to a minimum of 2 years and a maximum of 6 years in the penitentiary after his plea of guilty to the crime of forgery.

He contends that his sentence was excessive and should be reduced to a minimum of 1 year and a maximum of 3 years.

Forgery is a Class 3 felony and the Unified Code of Corrections specifically provides that "for a Class 3 felony, the minimum term shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant sets a higher minimum term, which shall not be greater than one-third of the

maximum term set in that case by the court;" Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(4).

It is therefore obvious that a minimum term of 1 year for a Class 3 felony is mandated under section 5—8—1(c)(4) unless the court sets a higher minimum after considering the nature and circumstances of the offense and the history and character of the defendant. The Council Commentary explaining the purpose and intent of this section states:

> "The Judge is required to take regard of the nature and circumstances of the offense and the history and character of the defendant before setting minimum terms above the norms established by the Legislature in the statute." Ill. Ann. Stat., ch. 38, § 1005—8—1, Council Commentary (Smith-Hurd 1973).

The record indicates that the defendant was on probation for the crimes of burglary and forgery at the time of the commission of this offense. He also had an extensive history of drug addiction. The record further reflects that the trial court properly took the defendant's background into consideration in imposing the sentence.

In our opinion, the sentence of the trial court was justified by the record.

Judgment affirmed.

EBERSPACHER and CARTER, JJ., concur.